Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 190923-33434
DATE: June 30, 2021

ORDER

The issue of the proposed severance of entitlement to service connection for peripheral neuropathy of the right lower extremity is dismissed.

FINDING OF FACT

1. In an August 2019 rating decision, the agency of original jurisdiction (AOJ) proposed to sever entitlement to service connection for peripheral neuropathy of the right lower extremity.

2. The Veteran's submission of the September 2019 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), is not valid for purposes of initiating an appeal of the August 2019 rating decision as the matter for which the Veteran sought review was not the result of a final rating decision.

CONCLUSION OF LAW

The September 2019 VA Form 10182 was not valid for purposes of initiating appeal of the August 2019 rating decision's proposed severance of entitlement to service connection for peripheral neuropathy of the right lower extremity, and thus, the appeal is dismissed. 38 U.S.C. § 7105; 38 C.F.R. § 20.202.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had service in the United States Marine Corps Reserve with active duty service from September 1960 to June 1968.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2019 rating decision.

The agency of original jurisdiction (AOJ) initially issued a June 2018 rating decision that proposed to sever service connection for peripheral neuropathy of the right lower extremity. The rating decision stated that the change would not affect the Veteran's overall entitlement, and his combined disability rating would remain as 60 percent. The Veteran was notified of this decision and his right to request a personal hearing in a June 2018 letter. The Veteran later requested a personal hearing in a statement received in July 2018. Although a June 2019 letter subsequently notified the Veteran that he was scheduled for a predetermination hearing in July 2019, the Veteran later requested for the hearing to be rescheduled. See July 2019 Report of General Information.

In August 2019, the AOJ issued another rating decision that proposed to sever service connection for peripheral neuropathy of the right lower extremity. The rating decision stated that a special review of the Veteran's file was mandated on June 14, 2018. However, the rating decision also indicated that the purpose of the decision was to correct the previous proposal to sever service connection for peripheral neuropathy of the right lower extremity as the June 2018 rating decision had incorrectly informed the Veteran that his overall combined 60 percent evaluation would remain unchanged. The AOJ indicated that if the proposed severance of the separate 10 percent rating for peripheral neuropathy of the right lower extremity took effect, the Veteran's combined evaluation would be reduced from the current 60 percent to 50 percent. An August 2019 letter then notified the Veteran of the decision. As this corrected decision was issued in August 2019, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

The Veteran initially requested the hearing option in the September 2019 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD). Although the Veteran was initially scheduled for a Board hearing in January 2021, a January 9, 2021 letter notified the Veteran that the Board hearing was rescheduled for March 16, 2021. On March 2, 2021, the AOJ received a printout of a March 1, 2021 e-mail from the Veteran indicating that he wanted to cancel the March 16, 2021 Board hearing. As the Veteran did not indicate that he wanted to reschedule the Board hearing for a later date, the Board finds that the hearing request was withdrawn. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the Veteran within 90 days following receipt of the withdrawal. 38 C.F.R. § 20.302(b).

The record shows that on October 1, 2019, the Board issued a docketing letter notifying the Veteran that his VA Form 10182 had been received, and that his appeal had been placed on the hearing docket. The letter was not copied to a representative as the Veteran was unrepresented at the time. The letter stated that the Veteran had 90 days from the date the Board received his VA Form 10182 to change representation. In November 2020, the AOJ received a VA Form 21-22 in which the Veteran appointed the Disabled American Veterans as his representative. Neither the Disabled American Veterans nor the Veteran provided any explanation for why there was good cause for the Disabled American Veterans to be added as the Veteran's representative more than 90 days after the Board received the Veteran's September 2019 VA Form 10182. Thus, without a showing of good cause, the Disabled American Veterans will not be accepted as the Veteran's representative for purposes of this appeal. 38 C.F.R. § 20.1304(b)(1).

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is dismissing the issue listed above, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, the Department of Veterans Affairs (VA) will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. The issue of the proposed severance of entitlement to service connection for peripheral neuropathy of the right lower extremity.

Under 38 U.S.C. § 7105, an appeal to the Board must be initiated by the filing of a NOD in the form prescribed by the Secretary. See also 38 C.F.R. § 20.201. The NOD must be in writing and identify the specific decision and issue or issues therein with which the claimant disagrees. 38 U.S.C. § 7105(b)(2)(A); 38 C.F.R. § 20.202(a). The term issue means an adjudication of a specific entitlement as described in 38 C.F.R. § 3.151(c). 38 C.F.R. § 20.202(a). Except as provided in the case of simultaneously contested claims, a claimant, or his or her representative, must file a properly completed NOD with a decision by the AOJ within one year from the date that the agency mails the notice of the decision. 38 U.S.C. § 7105(b)(1)(A); 38 C.F.R. § 20.203(b). The Board may dismiss any appeal which fails to identify the specific determination with which the claimant disagrees. 38 U.S.C. § 7105(d) 38 C.F.R. § 20.202(a).

Given that the Veteran has appealed a proposed determination from the AOJ rather than a final decision, the Veteran's appeal in this matter cannot proceed at this time. With the submission of the September 2019 VA Form 10182 the Veteran has sought to appeal from the August 2019 rating decision that proposed severance of entitlement to service connection for peripheral neuropathy of the right lower extremity. Unfortunately, however, from a procedural standpoint, this determination is not finalized decision. A proposed rating decision cannot be appealed. To sever service connection, certain procedural requirements must be accomplished by the AOJ. This involves a proposed severance with notice requirements, that allows 60 days for additional evidence to be submitted. If additional evidence is not received within that period, a final rating action will be taken and the award will be reduced or discontinued, if in order, effective the last day of the month in which a 60 day period from the date of notice to the beneficiary of the final rating action expires. 38 C.F.R. § 3.105(d).

The AOJ subsequently issued a January 2021 rating decision that effectuated the severance of service connection for peripheral neuropathy of the right lower extremity effective from April 1, 2021. As indicated in the January 2021 notification letter for the rating decision, this is the rating decision that can be challenged via a timely Supplemental Claim, a request for Higher Level Review, or by filing a Notice of Disagreement to the Board. The Board notes that the Veteran has until January 2022 to challenge this decision through any of these options.

Based on the foregoing, the Board does not find that the September 2019 VA Form 10182 is valid for purposes of initiating an appeal of the August 2019 rating decision. Accordingly, the Board does not have jurisdiction to review this appeal, and it is dismissed. 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K.C. Spragins, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.